Filed 11/12/25  P. v. Serrano CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GILBERT ISRAEL SERRANO,<br><br>    Defendant and Appellant. | B339256<br><br>(Los Angeles County<br>Super. Ct. No.<br>BA176519) |

        APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed.

        Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

Gilbert Serrano appeals from an order denying his ex parte application for recalculation of his custody credits following his resentencing under Penal Code section 1172.1.[1]  His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Serrano filed a supplemental brief.  We review the contentions Serrano raises in his supplemental brief and affirm the order.

## BACKGROUND

In 1997, Serrano performed unlicensed dental work on the victim and kissed her against her will.  A jury convicted Serrano of battery causing serious bodily injury (§ 243, subd. (d); count one); false imprisonment (§ 236; count two); and misdemeanor unlicensed practice of dentistry (Bus. & Prof. Code, § 1701, subd. (f); count three).  As to count one, the jury found true the allegation that Serrano personally inflicted great bodily injury (§ 12022.7).  Serrano admitted that he had been convicted of two prior strike felonies (§§ 667, subds. (a)-(i), 1170.12, subds. (a)-(d)).

The superior court sentenced Serrano to a total term of 60 years to life in prison. The court also imposed restitution fines pursuant to section 1202.4, subdivisions (a)(3) and (f).  Serrano appealed, and this court affirmed his convictions.  (*People v. Serrano* (June 28, 2000, B132400) [nonpub. opn.].)

In 2020, the District Attorney of Los Angeles County recommended that the superior court recall Serrano's sentence and resentence him pursuant to former section 1170, subdivision (d)(1).[2]  The court declined to recall the sentence and Serrano appealed.  We remanded the matter for the superior court to reconsider Serrano's request in light of former section 1170.03.

---

[1] All undesignated statutory references are to the Penal Code.

[2] Effective January 1, 2022, the recall and resentencing provisions of section 1170, subdivision (d)(1), were moved and amended to become section 1170.03. (Stats. 2021, ch. 719.) Effective June 30, 2022, section 1170.03 was renumbered section 1172.1, with no change in text.  (Stats. 2022, ch. 58, § 10.) The statute allows the court under specified circumstances to recall a defendant's sentence and "resentence the defendant in the same manner as if they had not previously been sentenced," applying all relevant sentencing rules and changes in the law.  (§ 1172.1, subd. (a).)

On February 22, 2022, the court recalled Serrano's sentence and resentenced him to a total term of 25 years to life. The court also found good cause to strike the prior serious felony enhancements pursuant to section 667, subdivision (a)(1). The court awarded Serrano 8,612 days of custody credit, calculated as 8,512 days of actual custody and 100 days of good time/work time. The court noted that the California Department of Corrections and Rehabilitation (the CDCR) "is to determine all conduct credits from the date of the initial sentencing through today." Serrano appealed from the resentencing in 2022 and we again affirmed the judgment in *People v. Serrano* (Feb. 21, 2023, B310169) [nonpub. opn.].

In June 2024, Serrano filed an ex parte application "requesting resentencing credits earned pre and post conviction." He argued that the CDCR "will not award credits" and that "the sentencing court is responsible for calculating the number of days a defendant has been in custody before sentencing or resentencing and to reflect the total of credits allowed." The court denied Serrano's application on June 14, 2024, finding that he was awarded credits for all actual days served from his arrest to February 22, 2022, the date of the resentencing. Serrano was also awarded "only those days of conduct credit awarded at the date of the original sentence, May 24, 1999." The court concluded that the CDCR "is responsible for calculating defendant's post-sentence conduct credits. Defendant is not entitled to any further credits in the trial court."

Serrano appealed.

## DISCUSSION

Serrano's appointed counsel filed a brief raising no issues and requesting that this court proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216. This court advised Serrano of his right to file a supplemental brief, which he did. (See *Delgadillo, supra*, 14 Cal.5th at pp. 231-232.)

Serrano appealed from the court's denial of his ex parte application for recalculation of his credits. However, he devotes the majority of his supplemental brief to issues other than his credit calculation claim. In *Delgadillo, supra*, 14 Cal.5th at pp. 231-232, the court set forth the procedures required on appeal of the denial of a section 1172.6 petition for resentencing. Assuming those procedures apply here, we limit our appellate

3

review to the arguments presented in the appellant's supplemental brief, to the extent relevant to the subject of the appeal. (See *ibid*.) Regarding the credit calculations, Serrano acknowledges that the CDCR is responsible for calculating post-sentencing conduct credits.

We agree. "'[W]hen a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence all actual time the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody.' The court must also calculate conduct credits for the period before the original sentencing hearing. The agency to which the defendant is committed—in this case the Department of Corrections and Rehabilitation—calculates and applies conduct credit for time following the original sentencing hearing." (*People v. Sek* (2022) 74 Cal.App.5th 657, 673, quoting *People v. Buckhalter* (2001) 26 Cal.4th 20, 29-31; see also *People v. Dean* (2024) 99 Cal.App.5th 391, 396.)

At Serrano's resentencing in February 2022, the superior court correctly calculated his actual time served through the date of resentencing, plus his pre-sentencing conduct credits. Thus, Serrano has failed to demonstrate any error and we affirm.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, ACTING P. J.

We concur:

TAMZARIAN, J.                          VAN ROOYEN, J.*

---

*          Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.